83,250-01

## "NOTICE OF APPEAL"

NOTICE IS HEREBY GIVEN THAT JOSE L. RUIZ, TDCJ-ID #914065, APPLICANT IN THE ABOVE NAMED CASE HEREBY APPEAL TO THE COURT OF CRIMINAL APPEALS, PURSUANT TO ARTICLE 11.07 (3) (c) C.C.P.

FROM THE FINAL JUDGMENT FROM AN ORDER RE: JOSE L. RUIZ (EX-PARTE) CAUSE NUMBER 990D04252-243-01. #103, EL PASO COUNTY COURTHOUSE, EL PASO, TEXAS. WHICH REVIEWED WR.-83-250-01, THAT RELIES ON THE STATUTORY DENIAL OF THE WRIT ALLEGATIONS, ENTERED ON THIS ACTION ON THE 4th DAY OF MAY, 2015

05/18/15

X Jose L. Ruiz
JOSE L. RUIZ #914065
RAMSEY UNIT #I.
1100 FM — 655 Rd.
ROSHARON, TEXAS 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

# "NOTICE OF APPEAL"

COURT OF CRIMINAL APPEALS
OF TEXAS
P.O. BOX 12308 CAPITOL STATION
AUSTIN, TEXAS 78711


JOSE L. RUIZ #914065
   APPELANT

              VS.

EL PASO COUNTY COURTHOUSE #103
500   EAST SAN ANTONIO
EL PASO, TEXAS 79901

   RESPONDANT


RE: EX-PARTE
RE:   RUIZ JOSE L. — TR. Ct. NO. 990D04252-
-243-01        WR.-83,-250-01



**JAIME ESPARZA**

District Attorney
Thirty-Fourth Judicial District
(El Paso, Culberson and Hudspeth Counties)

FILED
NORMA L. FAVELA
DISTRICT CLERK

2015 MAY -4 AM 10: 46

EL PASO COUNTY. TEXAS

BY _____
       DEPUTY

May 4, 2015

Ms. Norma Favela
District Clerk
103 El Paso County Courthouse
500 E. San Antonio
El Paso, Texas 79901

*Re: Ex parte Jose L. Ruiz*
Cause number: 990D04252-243-01

Dear Ms. Favela,

The above-named applicant has filed an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. The State has reviewed the writ application and relies on the statutory denial of the writ allegations. *See* TEX. CODE CRIM. PROC. art. 11.07(3)(b).

Unless otherwise directed by the trial court, please forward the writ application and a copy of this letter to the Court of Criminal Appeals pursuant to article 11.07(3)(c) CCP. *See* art. 11.07(3)(c). Thank you for your consideration.

Sincerely,

Lily Stroud
Assistant District Attorney
lstroud@epcounty.com

cc:   Jose L. Ruiz, applicant
      TDCJ # 914065
      Ramsey Unit
      1100 FM 655
      Rosharon, TX 77583

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 - sec, 3 (c)

NAME: _José L. Ruiz_

DATE OF BIRTH: _01 - 16 - 1980_

PLACE OF CONFINEMENT: _Tex, Dept. of Crim. Just. - I.D._

TDCJ-CID NUMBER: _914065_          SID NUMBER: _04790489_

(1)     This application concerns (check all that apply):

☐     a conviction                    ☐     parole

☑     a sentence                       ☐     mandatory supervision

☐     time credit                      ☐     out-of-time appeal or petition for
                                              discretionary review

(2)     What district court entered the judgment of the conviction you want relief from?
        (Include the court number and county.)

        _Court Number 990D04252 - El Paso, Texas_

(3)     What was the case number in the trial court?

        _11990004_

(4)     What was the name of the trial judge?

        _" Unknown "_

Rev. 01/14/14

(5) Were you represented by counsel? If yes, provide the attorney's name:

"Unknown"

(6) What was the date that the judgment was entered?

07-19-1999

(7) For what offense were you convicted and what was the sentence?

AGGravaTe sex AssalT on a child    30-Yrs-T-D-C-J

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☑ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10) What kind of trial did you have?

☐ no jury                  ☑ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_NO_

(12) Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _Eigth - El Paso_

(B) What was the case number? _"Unknown"_

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_"Unknown"_

(D) What was the decision and the date of the decision? _"Unknown"_

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____

(B) What was the decision and the date of the decision? _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____

3

**(B)** What was the decision and the date of the decision? _____

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes               ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes               ☐ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

<u>Memo</u>

Notice of Right To Counsellor Under International Law ( 8 CFR Sec. 736.1 [c] 28 U.S.C Sec. 50.5 ).

5

Rev. 01/14/14

**GROUND ONE:**

Hoang V. State of Texas, 872 S.W. 2d 694 (CRT. CRM. App. 1993) Johnson V. Rodriguez, 110 F. 3d 299 (5th cir. 1997)

**FACTS SUPPORTING GROUND ONE:**

I became Parole Eligible on July 2014. From This Point on it became [a] Matter of Parole Suitability. However over "AD Hoc" information I am still Presently incarcerated. other that (AD Hoc information declared Prohibited in Rodriguez - SUPRA). I am being detained in The Custody of The State's Prison System over due To being a NoNe citizen of U.S.A Meaning, at rate of no care Under Texas Board of Pardons and Paroles Agency's Consideration of Request be Paroled To The Country of Mexico (where I was Born and Raised). Under Board Rule.[1]

1. Title 37 - Texas Administrative Code - Section 143.22 (Thomsen - West 2006).

Rev. 01/14/14

I am Too Poor Unable To afford a licensed lawyer To debate or deliberate on behalf of my defense what is attorney work product, see Memo, at Page 5 of This application.

End of statement

Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

9

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Rev. 01/14/14



11

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14



15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Jose L. Ruiz_, am the applicant / petitioner (circle one) and being presently incarcerated in _Brazoria County_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _04 - 22_, 20 _15_

_Jose L. Ruiz_

Signature of (Applicant) Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____

_____
Signature of Petitioner

18

Rev. 01/14/14